SIMON C. MATHISON, Executor, *v.* ALEXANDER L. FIELD.

A partnership is dissolved by the death of one of the partners ; and the property must be divided as soon as practicable, unless there be some stipulation to the contrary.

The representative of a deceased partner may take the necessary measures to protect the interest of the partner he represents ; but he cannot administer the partnership affairs, unless authorized to do so by the contract of partnership.

APPEAL from the Probate Court of St. Mary, *Dumartrait,* J.

GARLAND, J. Some years previous to the death of Thomas E. Bowles, of whose succession the plaintiff claims to be executor, he, with the consent of a family meeting, entered into a partnership with his interdicted mother, Dorothea Bowles, who was represented by a special curator for that purpose, in the business of sugar planting. The property belonged principally to the mother, but the son was to have the entire management of it during the partnership. It was stipulated that each should retain a title to the property put by them respectively into the partnership, and that the share of Bowles (the son,) should be four-ninths of the revenue, but no division of the revenue was to be made until the partnership debts were paid ; and he was to render an annual account of the income and expenses to the parish judge. This partnership existed at the time when Bowles died, in the summer of the year 1841, when a crop was growing on the plantation. In August of that year, a family meeting of the relatives of the interdicted person was held, which recommended that the defendant should be appointed her curator in the place of her deceased son and partner ; and, in relation to the property, advised that the whole should remain together, until the crop was made up, or until the 1st of January, 1842, in possession of Mathison's wife, who was then acting as executrix of her brother's (Thomas E.

Bowles') succession, when ten hogsheads of sugar, under the direction of a special curator, should be sold and the proceeds applied to the expenses of the plantation, if they amounted to so much; the remainder of the crop of sugar, molasses, and corn, then to be divided in the manner agreed on in the contract of partnership, between Field, the curator of Dorothea Bowles, and the executrix of Thomas E. Bowles. The former was then to take possession of all the property of his ward. These proceedings were homologated by the Probate Court, and Mathison's wife proceeded to act under them for some time. Having attempted to remove or dispose of some of the sugar, she was arrested by a sequestration, obtained by Field, and twenty-five hogsheads were taken possession of by the sheriff, and bonded by her. This suit was dismissed at the plaintiff's cost, and Mathison, who had become executor, was decreed to retain possession of the sugar. On the 6th of January, 1842, another family council was held, at the instance of Mathison, or in consequence of his proceedings, and among other things, they advised that the crop of sugar should be divided in kind, in the proportions fixed by the act of partnership, and prescribed the mode in which the lots were to be drawn. Mathison had previously presented a petition, praying, on behalf of himself and his wife, for a partition, and asking it to be effected by a sale. These proceedings were homologated in the same manner as the first, and Mathison makes them immediately the basis of an application for a meeting of creditors, to fix the conditions of a sale of his testator's property.

In obedience to the advice of the family meeting, and the confirmation of their proceedings by the court, the judge gave Mathison notice, that he should, on a day fixed, proceed to make the partition in kind between him and the defendant; whereupon Mathison presented his petition, praying the judge to arrest the execution of the judgment of partition, alleging: *First.* That the family meeting had assumed powers not authorized by law, as they had ordered and decreed, that a judicial partition of the crop of sugar and molasses belonging to the partnership, should be made in kind.

*Second.* That the proceedings are illegal, unjust and oppressive, and were "got up" for the purpose of depriving him of the legal

possession of the sugar and molasses, and of his right to dispose of the same, and of rendering his account, according to the act of partnership.

*Third.* That the partition would deprive him of the possession and enjoyment of the property ; all of which he alleges to be to his damage $500.

He then sets forth the pendency of the suit for a sequestration, an application made by Field on the day of the family meeting, (6th January, 1842,) for a partition, of which he says he had no notice, and finally avers, that no judicial partition of the sugar and molasses can be made in kind, but that the same must remain in his possession, that it may be disposed of by him, and an account rendered, as was done by his testator.

In addition to the prayer for an injunction, the plaintiff asked that he might be decreed to be the lawful possessor of the sugar and molasses ; to be authorized to sell the whole of it ; and to account for the proceeds as executor of the deceased partner.

After hearing the parties, the court made the injunction perpetual, and decreed the plaintiff to be " the true and lawful owner and possessor of the crop of sugar and molasses belonging to the partnership, as by him claimed ; that a writ of possession issue immediately ; and that the crop be sold by the plaintiff and accounted for, as had been previously done by the deceased partner." From this judgment the defendant has appealed.

We are of opinion that the judge erred. He exceeded his jurisdiction in undertaking to decide upon the ownership of the property ; and, after examination, we see no ground for the injunction.

The first ground alleged by the plaintiff, is unsupported by the facts. The family meeting was convened to deliberate and advise " upon the interest of said interdicted, as connected with the succession of the late Thomas E. Bowles." They assumed no authority, nor did they give any judgment of partition ; they advised what was best in their opinion, and recommended a partition of the crop in kind. The plaintiff, in his petition, filed December 15th, 1841, asked for a partition of the estate held in common between his wife and her mother, and asked that the defendant

Mathison, Executor, v. Field.

might be cited to show cause why it should not be so decreed. In his petition for the injunction he says, that the defendant had prayed for a partition of the sugar and molasses in kind ; which he seems to think very improper. The Court of Probates, by homologating the deliberations of the family meeting, and not *that* body, gave the judgment of partition.

As to the second allegation, we see nothing illegal or unjust in the proceedings. If they were instituted for the purpose alleged, the plaintiff is, in a great degree, the author of the mischief. He was the first to seek a partition. He preferred a sale to effect it ; but his wishes and interest are not to control all others, and if a partition deprives him of the possession of five-ninths of the sugar and molasses, it only takes from him that to which he has no right.

The third allegation is answered by what we have said on the second.

As to the fourth allegation, we are unable to discover why sixty-eight hogsheads of sugar and a quantity of molasses, cannot be divided in kind ; and the plaintiff has given no other reason why it cannot, or ought not to be so divided, than that it will deprive him of five-ninths of the property, and prevent him from getting the proceeds into his possession. He is entirely mistaken in supposing that he has the same rights over the partnership property that his testator had. The partnership was dissolved by the death of one of the partners, (Civ. Code, arts. 2851, 2852,) and the property must be divided as soon as it can be, unless there be some stipulation to the contrary. Ib. art. 1137. There might be some plausibility in a surviving partner, or his legal representative, claiming the possession and right to sell the partnership property, and the Code (arts. 1131, 1132,) authorizes it under some circumstances and upon conditions which are stated ; but the assumption that the representative of the deceased partner can, at his pleasure, take the ownership and possession of the partnership property from the survivor, is unsustained by reason or authority. The representative may take the necessary measures to secure the interest or share of the partner he represents, but he cannot administer the partnership affairs, unless authorized to do so.

The judgment of the Court of Probates is annulled, and the injunction dissolved; the plaintiff paying costs in both courts.

*Maskell* and *Lewis*, for the plaintiff.

*Dwight*, for the appellant.